UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON A. PACE,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DEPARTMENT OF THE NAVY,<br><br>　　　　　　　　　　Defendant. | Case No.: 18cv288-LAB (KSC)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL; AND**<br><br>**ORDER OF DISMISSAL** |

    Plaintiff Carlton Pace, proceeding *pro se*, filed a complaint along with a motion to proceed *in forma pauperis* ("IFP"), and a motion for appointment of counsel.

    The IFP motion is incomplete and does not make sense. Pace used a form to file this motion. According to the form, Pace has no income or expenses of any kind. He did not answer questions about his assets, other than to say he owns a 2012 Ford Flex and is owed $13 by the Viejas Casino and Resort. Pace did not answer questions 9–12 of the form. The address he provided on the complaint

1

18cv288-LAB (KSC)

shows he lives in an apartment in San Diego. Nothing on the form shows that he pays rent for it, or if so, how much he pays. Nor does it show he is receiving financial support or assistance. The incomplete IFP motion is **DENIED WITHOUT PREJUDICE**.

Pace also asks the Court to appoint counsel. There is no constitutional right to appointment of counsel in civil cases, although in exceptional circumstances the Court may request counsel to represent an indigent party. *See Zamaro v. Moonga*, 656 Fed. Appx. 297, 299 (9th Cir. 2016). Whether exceptional circumstances exist requires the Court to evaluate the likelihood of the plaintiff's success on the merits, and of his ability to articulate his claims in light of the complexity of the legal issues involved. *Id.*; *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). The motion does not show that he ever contacted any lawyer about representing him.

The complaint is a general request for help from the Court. Pace says he was discharged from the Navy 30 years ago, and that the Navy denied him relief. He is requesting back pay and benefits for the past 30 years, as well as correction of his military records. He mentions health problems and how they are affecting him, and says he has been trying without success to get benefits. He does not say whether he was injured while in the Navy, or explain why he is entitled to benefits. He does not say how his military record is inaccurate or why it should be corrected.

The complaint does not explain why Pace is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Without this, the Court cannot evaluate the likelihood of his success.

The Court cannot serve as Pace's attorney or give him legal advice. He may wish to contact the Department of Veterans Affairs' Office of the General Counsel, or look at the VA website at https://www.va.gov/ogc/legalservices.asp for information about legal service clinics. He may also wish to contact local legal aid offices, or the county bar association's lawyer referral service for recommendations

of or referrals to lawyers or other organizations. Even if they cannot help him, they may be able to refer him to another source of help.

The motion for appointment of counsel is **DENIED WITHOUT PREJUDICE**. Because he has not paid the filing fee or been granted leave to proceed IFP, the complaint is **DISMISSED WITHOUT PREJUDICE**. If he believes he can successfully amend, he may do file a renewed IFP motion (or pay the filing fee) and file an amended complaint within **28 calendar days of the date this order is issued**. If he does not do so, the complaint will remain dismissed.

**IT IS SO ORDERED**.

Dated: April 5, 2018

*Larry A. Burns*
Hon. Larry Alan Burns
United States District Judge